## PEACOCK *v.* TILLMAN.

ATKINSON, J. A wife instituted an action against her husband and a third person, seeking to recover temporary alimony and permanent alimony from the husband, and to cancel a deed from the husband to the third person, and to enjoin the latter from evicting the plaintiff from the residence in which she resided; that being a part of the property embraced in the deed. A temporary restraining order was granted as prayed. At an interlocutory hearing the third person set up title to the residence under a deed executed by the husband prior to the marriage, and the injunction was continued of force. At the final trial the third person filed an amendment to his answer, alleging in substance that at the interlocutory hearing for injunction it was ordered "that the injunction would continue on condition that the plaintiff execute a bond to answer for any rents that this defendant might recover upon the final trial of said case;" that a bond was duly executed; and that certain rent had accrued in favor of the defendant, for which a judgment was prayed against the plaintiff and the surety on her bond. The plaintiff demurred on the ground that the amendment "seeks to recover rents on the bond." The plaintiff also filed an answer to the amendment, denying each paragraph thereof. At the trial term the defendant also filed a plea in abatement, alleging that since the last term of court the husband had died, and prayed that the suit

be dismissed on the ground that it was founded on a claim by the wife for alimony. The death of the husband being shown, the judge sustained the motion to abate, "in so far as the action for permanent alimony is concerned," and ordered that the issues between the wife and the third person relative to rents for which the bond was given by the plaintiff be. submitted to a jury for determination. At the trial the third person recovered a judgment against the plaintiff, for an amount exceeding the rents sued for; the excess was written off, and the plaintiff's motion for new trial as amended was overruled. To this judgment the plaintiff excepted, and in the bill of exceptions also assigned error upon the exceptions pendente lite to certain antecedent rulings made in the case. *Held*:

1. The third person resided in another county, and filed a plea to the jurisdiction. This fact did not deprive him of the right to amend his plea to the merits of the case, and to seek to recover from the plaintiff rents for the property on his cross-demand.

2. The defendant's amendment to his plea was not subject to demurrer on the ground that it set forth a new cause of action, or that it was premature as the case had not been finally tried on its merits, or that it sought to convert the original suit, which was a suit for alimony and injunction, into a suit on the bond for rent, or that it changed "the mode of procedure or the relative position of this plaintiff and said defendant."

3. The plaintiff contends that the verdict was without evidence to support it, for the reason that the injunction bond was not introduced in evidence. This contention is not meritorious. The instrument was an eventual condemnation-money bond, and the record brought to this court shows that the injunction bond had been executed by the plaintiff and approved by the clerk of the court, and was filed as a part of the record in the case.

4. On the final trial the only issues were as to the ownership of the property and its value for rent. The uncontradicted evidence demanded a finding in favor of the prevailing party as to ownership of the property; and though contradictory as to the value for rent, it authorized the amount found by the jury.

5. Other assignments of error are without merit, and are not of such character as to require elaboration.

> *Judgment affirmed. All the Justices concur.*
> No. 1690.   SEPTEMBER 15, 1920.

Equitable petition. Before Judge Howard. Marion superior court. September 6, 1919.

*W. D. Crawford* and *W. B. Short,* for plaintiff.

*George P. Munro,* for defendant.